UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 24, 2020

LETTER TO COUNSEL

    RE:    *Terry G. v. Saul*[1]
            Civil No. DLB-17-3383

Dear Counsel:

Pending before the Court is plaintiff's motion for attorney's fees filed by counsel Theodore A. Melanson, Esq., pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b). ECF No. 51. In response, the Commissioner asked the Court to consider whether Mr. Sindler's motion for attorney's fees was timely filed and whether the fee requested is reasonable under the Act. ECF No. 54. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Mr. Melanson's motion for attorney's fees is GRANTED.

<u>Procedural History</u>

On November 14, 2017, plaintiff filed a complaint in this Court. ECF No. 1. On November 20, 2018, the Court entered an order granting a consent motion to remand the case. ECF No. 21. On January 4, 2019, the Court awarded Mr. Melanson $4,000.00 in fees for the 20.50 hours he worked on plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 28. On June 17, 2019, the Social Security Administration ("SSA") issued a favorable decision, *see* ECF No. 29-1, and the SSA subsequently issued a Notice of Award dated October 28, 2019, *see* ECF No. 29-2. On October 30, 2019, Mr. Melanson timely filed his first motion for attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 29. On November 19, 2019, Mr. Melanson filed an amended motion for attorney's fees, ECF No. 30, and attached a Notice of Award dated November 10, 2019, ECF No. 30-2 ("This letter replaces our previous letter dated October 28, 2019."). The Commissioner filed a series of motions for extensions of time to respond. *See* ECF Nos. 31, 33, 34, 36. Before the Commissioner filed a response, Mr. Melanson

---

[1] When this proceeding began, Carolyn Colvin was the Acting Commissioner of the Social Security Administration ("Commissioner"). On June 17, 2019, Andrew Saul was sworn in as Commissioner and is therefore automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

*Terry G. v. Saul*
Civil No. DLB-17-3383
September 24, 2020
Page 2

filed another amended motion for attorney's fees on January 7, 2020, ECF No. 38, and attached an Auxiliary Notice dated December 16, 2019, ECF No. 38-1. The Commissioner again filed a series of motions for extensions of time to respond. *See* ECF Nos. 39, 41, 43, 45. On February 28, 2020, Mr. Melanson filed a third amended motion for attorney's fees, asserting that the "[t]otal past due benefits [were] unclear in this case." ECF No. 47. The Commissioner did not respond. The Court subsequently issued a series of orders in response to the pandemic, including Standing Order 2020-07 which suspended all deadlines for 84 days. On May 19, 2020, Mr. Melanson filed a fourth amended motion for attorney's fees, ECF No. 48, and attached a Notice of Change of Benefits dated April 22, 2020, ECF No. 48-2. The Commissioner requested an extension of time to respond. ECF No. 49. On August 28, 2008, Mr. Melanson filed his fifth and final amended motion for attorney's fees. ECF No. 51. Mr. Melanson attached to his final motion for fees the April 22, 2020 Notice of Change of Benefits, ECF No. 51-1, and a May 23, 2020 Auxiliary Notice which replaced the December 16, 2019 notice, ECF No. 51-2. The Commissioner requested a tenth extension since Mr. Melanson filed his first motion for attorney's fees, ECF No. 52, before filing his response on September 15, 2020, ECF No. 54.

In his final amended motion, Mr. Melanson seeks $20,505.13 in attorney's fees. ECF No. 51. This figure represents 25% of the past-due benefits owed to plaintiff and her child. The April 22, 2020 notice shows that plaintiff was awarded $77,716.50 in past-due benefits and that $19,429.13 was withheld for attorney's fees, ECF No. 51-1. The May 23, 2020 notice shows that $1,076.00 was withheld from plaintiff's auxiliary benefits for attorney's fees, ECF No. 51-2. Mr. Melanson has agreed to reimburse Plaintiff for EAJA fees previously received. ECF No. 51; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

Timeliness

Pursuant to the Court's Local Rules, a motion for attorney's fees in Social Security cases "must be filed within thirty (30) days of the date of the Notice of Award letter to the claimant and the attorney at the conclusion of the Social Security Administration's past-due benefit calculation." D. Md. R. 109.2(c). The Commissioner points out that Mr. Melanson did not file the May 23, 2020 notice with the Court until August 28, 2020. ECF No. 54 at 3. The Court will not deny the fee petition based on the late filing of the May 23, 2020 notice for two reasons. First, dismissing the fee petition based on the May 23, 2020 notice would be nonsensical. The May 23, 2020 notice replaced the December 16, 2020 notice, which Mr. Melanson did timely file with the Court. The late-filed May 23, 2020 replacement notice actually reduces the amount of fees that Mr. Melanson was eligible to receive under the timely-filed December 16, 2020 notice. *Compare* ECF No. 51-2 (showing $1,076.00 withheld for attorney's fees), *with* ECF No. 38-1 (showing $9,712.00 withheld for attorney's fees). Therefore, if the Court disregarded the May 23, 2020 notice, attorney's fees would be calculated based on the timely-filed December 16, 2020 notice, which could have resulted in a petition for more fees than are actually available. Second, the one-month delay fell during the early months of the pandemic when many deadlines were suspended.

*Terry G. v. Saul*
Civil No. DLB-17-3383
September 24, 2020
Page 3

<u>Reasonableness</u>

The Court next must determine the reasonableness of Mr. Melanson's requested fee. The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. The Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Melanson and plaintiff entered into a contingent fee agreement, by which plaintiff agreed to pay Mr. Melanson twenty-five percent of all retroactive benefits to which she might become entitled. ECF No. 22-3. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Melanson submitted itemized reports documenting 20.50 chargeable hours he worked on plaintiff's case. ECF No. 22-7 (listing a total of 21.10 hours, 0.60 of which were spent on clerical and administrative tasks marked "NO CHARGE"). If Mr. Melanson receives the full amount of fees he requests, his fee for representation before the Court will effectively total $1,000.25 per hour. Therefore, Mr. Melanson must show that an effective rate of $1,000.25 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Melanson's typical hourly billing rate is $300.00. ECF No. 22-6 ¶ 6. This is the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[2] Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). This Court has routinely approved a higher hourly rate for Mr. Melanson. *See, e.g.*, *James P. v. Comm'r, Soc. Sec. Admin.*, No. DLB-17-518 (D. Md. Feb. 13, 2020); *Debra J. v. Comm'r, Soc. Sec. Admin.*, Civil No. DLB-17-2904 (D. Md. Feb. 5, 2020). Thus, the requested fee in this case is reasonable and should be approved.

---

[2] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App'x B (D. Md. 2018). Currently, Mr. Melanson has over five years of experience, ECF No. 22-6 ¶ 5, and the presumptively reasonable hourly rate for attorneys admitted to the bar for five to eight years is between $165.00 and $300.00, Loc. R. App. B (D. Md. 2018).

For the reasons set forth herein, this Court GRANTS the attorney's fee request. ECF No. 51. This Court will award Mr. Melanson attorney's fees totaling $20,505.13. Mr. Melanson is directed to reimburse to Plaintiff the fees he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                              Sincerely yours,

                              /s/

                              Deborah L. Boardman
                              United States Magistrate Judge